IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | |
| SPECIALTY HOSPITAL OF WASHINGTON, LLC, | ) | Case No. 14-10935-BLS |
| | ) | |
| Alleged Debtor | ) | (Chapter 11 - Involuntary) |
| | ) | |
| _____ | ) | |

**MOTION OF THE DISTRICT OF COLUMBIA
TO CHANGE VENUE OF BANKRUPTCY PROCEEDING AND
TRANSFER THIS CASE TO THE UNITED STATES
BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

**COMES NOW** District of Columbia ("District"), by and through counsel, the Office of the Attorney General for the District of Columbia, and moves the Court to grant its Motion to Change the Venue of Bankruptcy Proceeding and Transfer this Case to the United States Bankruptcy Court for the District of Columbia ("Motion"). In support whereof, the District states as follows:

**INTRODUCTION**

1. The Alleged Debtor, Specialty Hospital of Washington, LLC ("Alleged Debtor" or "SHW"), owns and operates healthcare facilities located in the District on two campuses. Each campus has a Long-Term Acute Care Hospital ("LTACH") and a Skilled Nursing Facility ("SNF"), commonly called a nursing home.

2. Venue should be transferred to the United States Bankruptcy Court for the District of Columbia pursuant to 28 U.S.C. § 1412 since the majority of significant contacts reside in the District.

**JURISDICTION**

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue lies properly with the United States Bankruptcy Court for the District of Columbia.

**BACKGROUND AND STATEMENT OF FACTS**

5. SHW operates healthcare facilities located on two campuses in Washington, DC. SHW is a subsidiary of Specialty Hospitals of America (SHA) located in Portsmouth, New Hampshire. Based on its website, all of SHA's health care facilities are located in Washington, DC, and are operated by SHW. SHW's facilities located at 700 Constitution Avenue, N.E., Washington, DC 20002, are known as its Capitol Hill location. SHW's facilities located at 4601 Martin Luther King Jr. Avenue, S.E., Washington, DC 20032, are known as its "Hadley" location. At each location, SHW has one Long-Term Acute Care Hospital (LTACH)[1] and one Skilled Nursing Facility (SNF). The Capitol Hill LTACH is a 60-bed facility and the Hadley LTACH is an 82-bed hospital. The Hadley SNF handles 62 patients while the Capitol Hill SNF has capacity to care for 117 patients. All of SHW's facilities are licensed and regulated by the District of Columbia Department of Health. SHW's two LTACHs are the only LTACHs located within the District of Columbia and are the only LTACHs in the immediate metropolitan area surrounding the District of Columbia.[2]

---

[1] The Hadley LTACH also has an outpatient surgery center that appears to serve primarily SHW's LTACH patients and SNF residents.
[2] SHW operates four facilities at two locations, each of which has LTACH and SNF facilities. Petitioners' reference to SHW appears to include only the Capitol Hill LTACH facility.

6.  LTACHs are specialized hospitals that focus on patients who, on average, stay more than 25 days.  Many of the patients in LTACHs are transferred there from an intensive or critical care unit at a general acute care hospital.  LTACHs specialize in treating patients who may have more than one serious condition, but who may improve with time and care, and return home.  Services provided in LTACHs typically include comprehensive rehabilitation, respiratory therapy, head trauma treatment, and pain management.  See http://www.medicare.gov/Pubs/pdf/11347.pdf.

7.  Patients at SHW's LTACHs receive services, including care coordination, dialysis, nursing services, nutrition services, pharmacy and physician services, physical therapy, radiation, respiratory care, social services, and wound care.

8.  SNFs, commonly called "nursing homes," are institutions that primarily provide to their residents skilled nursing care and related services 24 hours per day as the residents require medical or nursing care, or rehabilitation services for the rehabilitation of injured, disabled, or sick persons.  *See* 22-B D.C. Mun. Reg. § 4099.1.

9.  Residents at SHW's SNFs receive services, including care coordination, dialysis, nursing services, nutrition services, pharmacy and physician services, physical therapy, radiation, respiratory care, social services, and wound care.

10.  Data on SHW's facilities, as of April 24, 2014, indicate as follows:

| SHW Facility | Licensed Capacity | LTACH Census | SNF Census | Patients or Residents with Tracheostomies | Patients or Residents with Ventilators |
|---|---|---|---|---|---|
| Capitol Hill – LTACH | 60 | 14 | | 8 | 5 |
| Capitol Hill – SNF | 117 | | 113 | 20 | 8 |
| Hadley – LTACH | 82 | 31 | | 13 | 3 |
| Hadley – SNF | 62 | | 57 | 5 | 9 |
| Total SHW | 215 | 45 | 170 | 46 | 25 |

11.     The LTACH facilities are the only remaining hospitals in the District that exclusively provide hospitalization beyond 28 days for patients who require such care.  The continued operation of the LTACH hospitals, as well as the SNF facilities, is imperative in order to serve the Medicare and Medicaid populations of the District.  Significantly, should the LTACH facilities cease to operate, there is no further authority for the District to license new LTACH facilities due to a federal moratorium on new LTACHs.

12.     On information and belief, SHW's books and records are located in Washington, DC, at its Hadley and Capitol Hill locations.  It appears that none of SHW's books and records is located in Delaware.

13.     The United States Bankruptcy Court for the District of Columbia is familiar with bankruptcy proceedings involving District healthcare providers, several of whom, including SHW, have been in bankruptcy over the past 15 years, during which time the District's sole bankruptcy judge presided over the proceedings.  In May 1999, Hadley along with its then parent, Greater Southeast Healthcare System, filed for bankruptcy protection in the United States Bankruptcy Court for the District of Columbia, Bankruptcy Case No. 99-01159.  In February 2002, Capitol Hill Community Hospital, doing business as MedLINK Hospital at Capitol Hill (under the same EIN as the current Alleged Debtor), filed a bankruptcy petition in the United States Bankruptcy Court for the District of Columbia under Chapter 11 of the United States Bankruptcy Code, Bankruptcy Case No. 02-00358.  Both of these entities were sold to SHW pursuant to Orders of the United States Bankruptcy Court for the District of Columbia as part of the reorganization of the debtors.  Another filing for bankruptcy protection in the District occurred in February 2002 in Bankruptcy Case No. 02-02250, which involved Greater Southeast Community Hospital, an entity unrelated to the Alleged Debtor.

14. As shown by the Involuntary Bankruptcy Petition filed on April 23, 2014, four of the five Petitioning Creditors are located in the District or in the surrounding suburban areas of the District, including Alexandria, Virginia; Fairfax, Virginia; and Fort Washington, Maryland, as shown below.

| Petitioning Creditor | City and State of Mailing Address |
|---|---|
| Capitol Hill Group | Washington, DC  20002 |
| CMH Inc. dba CroppMetcalfe | Fairfax, VA  22301 |
| JFW Services | Mechanicsville, VA  23116 |
| Amalgamated Capital Partners, LLP | Fort Washington, VA  20744 |

The fifth Alleged Creditor, J-Don Enterprise, LLC, is headquartered in Plano, Texas, but services SHW's facilities located exclusively in Washington, DC.

15. The District is the largest creditor of the Alleged Debtor holding at a minimum a claim of approximately $19 million of overpayments for services provided to Medicaid beneficiaries, and an unknown amount in various outstanding tax liabilities, including withholding taxes. The District's claim is substantially larger than the approximately $2.7 million combined claims of the six Alleged Creditors.

**ARGUMENT**

16. "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C.\ § 1412. The U.S. Bankruptcy Court for the District of Delaware has found that the determination of whether to transfer venue under § 1412 turns on the same issues as a determination under § 1404(a), which permits a court to transfer any civil action "[f]or the convenience of the parties and the witnesses [or] in the interest of justice." *In re Centennial Coal, Inc.,* 282 B.R. 140, 144 (Bankr. D.Del. 2002) *quoting* 28 U.S.C. § 1404(a). The moving

party bears the burden of demonstrating, by a preponderance of the evidence, the need for a transfer. *In re DBSI, Inc.*, 478 B.R. 192, 194 (Bankr. D. Del. 2012).

17. While the statutes generally set forth three factors for a court's consideration in ruling on a motion to change the venue – convenience of the parties, convenience of the witnesses, and the interest of justice, *In re Centennial Coal, Inc.,* 282 B.R. at 144 – the Third Circuit has articulated various factors in determining whether to change venue.

18. In determining whether to transfer venue pursuant to section 1404 or 1412, the Third Circuit has described the factors as follows:

> (1) [P]laintiff's choice of forum, (2) defendant's forum preference, (3) whether the claim arose elsewhere, (4) location of books and records and/or the possibility of viewing the premises if applicable, (5) the convenience of the parties as indicated by their relative physical and financial condition, (6) the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, (7) the enforceability of the judgment, (8) practical considerations that would make the trial easy, expeditious, or inexpensive, (9) the relative administrative difficulty in the two fora resulting from congestion of the courts' dockets, (10) the public policies of the fora, (11) the familiarity of the judge with the applicable state law, and (12) the local interest in deciding local controversies at home.

*In re Hayes Lemmerz Int'l Inc.*, 312 B.R. 44, 46 (Bankr. D. Del. 2004) (citing *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879–80 (3d Cir.1995).

19. The Third Circuit in *Jumara v. State Farm Insurance Company*, 55 F.3d 873, 879 (3d Cir. 1995), divided the factors into public and private interests:

> The private interests have included: plaintiff's forum preference as manifested in the original choice . . .; the defendant's preference . . . whether the claim arose elsewhere; . . . the convenience of the parties as indicated by their relative physical and financial condition; . . . the convenience of the witnesses – but only to the extent that the

6

>witnesses may actually be unavailable for trial in one of the fora. . .; and the location of books and records . . . .
>
>The public interests have included: the enforceability of the judgment . . .; practical considerations that could make the trial easy, expeditious, or inexpensive . . .; the local interest in deciding local controversies at home . . .; the public policies of the fora . . .; and the familiarity of the trial judge with the applicable state law in diversity cases.

20. Without discussing the merits of the filing of the involuntary bankruptcy petition against SHW in this Motion, the District asserts that venue should be changed to the United States Bankruptcy Court for the District of Columbia since most of the factors for change in venue as set forth by the Third Circuit are present in this proceeding.

21. **FORUM PREFERENCE:** The only connections that SHW has to Delaware is that (1) SHW is incorporated in Delaware, and (2) the Alleged Creditors filed the Involuntary Petition in the United States Bankruptcy Court for the District of Delaware. All of SHW's premises and operations are located in Washington, DC, at its Capitol Hill location or at the Hadley location. It appears that none of SHW's premises or operations is located in Delaware – or anywhere outside of Washington, DC.

22. **LOCATION OF CLAIMS:** The claims that have arisen in this alleged bankruptcy arose in Washington, DC, and the immediate metropolitan area. Indeed, each of the Petitioning Creditors alleges that it either was not paid for goods and services provided to SHW at one of its Washington, DC facilities, or was not paid money owed on a lease of property in the Washington, DC, operations. None of the claims of the Petitioning Creditors arose in Delaware or anywhere outside of the metropolitan area of Washington, DC.

23. **LOCATION OF BOOKS AND RECORDS AND PREMISES OF DEBTOR:** As set forth above, SHW's books and records, including records for SHW operations,

7

accounting, tracking supplies typically required by hospitals, and all medical records are located in Washington, DC. No such books and records are located in Delaware. SHW's premises and operations are located in Washington, DC, not in Delaware.

24. **LOCATION AND CONVENIENCE OF THE PARTIES:** All the parties are based in Washington, DC or the immediate metropolitan area, or do business in the District of Columbia as based on their relationship to SHW:

| Party | Relationship to Washington, DC |
|---|---|
| SHW – Alleged Debtor | Principal place of business and all facilities are located in Washington, DC. |
| Government of the District of Columbia – Creditor | Established and located in Washington, DC. |
| Capitol Hill Group – Alleged Creditor | Address is Washington, DC 20002, does work in Washington, DC, and owns the real property where SHW – Capitol Hill is located. |
| CMH Inc. dba CroppMetcalfe – Alleged Creditor | Address is Fairfax, VA 22301 and does work in Washington, DC. |
| JFW Services – Alleged Creditor | Address is Mechanicsville, VA 23116 and does work in Washington, DC. |
| Amalgamated Capital Partners, LLP – Alleged Creditor | Address is Fort Washington, VA 20744, does work in Washington, DC, and "is a Washington, D.C., Limited Liability Partnership".[3] |
| J-Don Enterprise, LLC – Alleged Creditor | Does work in Washington, DC. |

25. The other parties who have filed a Notice of Appearance for this bankruptcy case are: (1) Branch Banking and Trust Company, which is a presumed creditor that operates in Washington, DC, as well as other jurisdictions, and (2) Potomac Electric Power Company ("PEPCO"), whose headquarters is in Washington, DC, and which delivers electric transmission and distribution services to customers in Maryland and the District of Columbia.

26. **LOCATION AND CONVENIENCE OF WITNESSES AND PRACTICAL CONSIDERATIONS OF HOLDING A TRIAL:** In addition to the parties described above,

---

[3] See Corporate Ownership Statement [Document 3] at p. 1.

SHW's officers are located in Washington and include Susan Bailey, Senior Vice-President and Chief Operating Officer; Manisha Singal, Chief Medical Officer and Vice-President; and, other SHW officials who handle accounting, reimbursement, and clinical services. None of these officers is located in Delaware.

27. Wilmington, Delaware, is approximately 107 miles remote from the Washington, DC, site of the dispute giving rise to this involuntary bankruptcy case. Attending hearings in the United States Bankruptcy Court in Wilmington, Delaware, requires riding AmTrak or driving on the heavily congested Interstate 95 for several hours. The Bankruptcy Court in Washington, DC, is located approximately one mile from SHW's Capitol Hill location and on the same street, and is located approximately four miles from SHW's Hadley location.

28. Most, if not all, of the necessary witnesses for all the parties appear to be located in Washington, DC, or the immediate metropolitan area. All parties and their witnesses would have minimal travel requirements; the premises of the hospital facilities are located close to the District of Columbia Bankruptcy Court; and costs for travel and hearings would be minimized with venue located in the Bankruptcy Court of the District.

29. Requiring the witnesses to travel to Delaware imposes an undue burden on the witnesses. Only this Court and the counsel retained for this case are located in Delaware. For the convenience of potential witnesses, should a trial or hearing be held, venue of this matter should lie in the United States Bankruptcy Court for the District of Columbia.

30. **ENFORCABILITY OF JUDGMENT:** Any court orders entered against SHW would be implemented at the Hadley and Capitol Hill locations of SHW in Washington, DC.

31. **FAMILIARITY OF DELAWARE JUDGES WITH APPLICABLE STATE LAWS:** A Delaware bankruptcy judge is not likely as familiar with the laws of the District of

9

Columbia which will govern the lease dispute and other potential claims raised by the Petitioning Creditors and any other creditors as the District's current bankruptcy judge. Based on the pleadings to date, this case involves application of District laws for leases, contracts, Medicaid payments, and healthcare facility licensure as well as the application of federal Medicaid law. The recent federal moratorium on new LTACHs may also be implicated. Rights of LTACH patients and SNF residents created under the laws of the District of Columbia as well as federal law are implicated.

32. **PUBLIC POLICY CONSIDERATIONS:** There is a strong public interest in handling any bankruptcy proceedings involving District healthcare institutions in Washington, DC – the place where any negative or positive impacts to patients and their families, as well as residents and others who reside and do business in the District, would be felt. If the LTACHs currently operated by SHW close, then the LTACH patients would have to be transferred to the nearest available LTACH that is capable of receiving the patients. The closest LTACHs are located in Baltimore, Maryland, and Richmond, Virginia. If the LTACHs currently operated by SHW close, then new LTACH patients from general acute care hospitals in Washington, DC, and the immediate metropolitan area would also have to be moved to facilities far from home or would linger in general acute care hospitals which will cause reimbursement issues. Placement of patients away from their families would impose an undue stress on the patients, their families, and their responsible parties and, inasmuch as most of the patients receive Medicaid benefits, the District of Columbia has a strong interest in continuing to maintain the patients in Washington, DC, so that the Medicaid funding is spent in Washington, DC, and so that regulators and ombudsmen can have convenient access to patients. In addition, both the Capitol Hill and the

Hadley locations are on prime real estate, which would conceivably be available for development if the LTACHs and SNFs close.

33. Accordingly, given that the overwhelming majority of factors considered by the Third Circuit in analyzing whether to transfer venue, *see Jumara v. State Farm Insurance Company*, 55 F.3d 873 (3d Cir. 1995), weigh in favor of transferring venue to the United States Bankruptcy Court for the District of Columbia, this Court should transfer the venue of this bankruptcy proceeding.

WHEREFORE, the District requests that the Court grant its Motion to Change Venue and transfer this bankruptcy matter to the United States Bankruptcy Court for the District of Columbia.

Date:  May 2, 2014.

        Respectfully submitted,

        IRVIN B. NATHAN
        Attorney General for the District of Columbia

        SUSAN C. LONGSTREET
        Deputy Attorney General
        Commercial Division


          /s/ David Fisher
        DAVID FISHER, D.C. Bar No. 325275
        Assistant Deputy Attorney General

          /s/ Nancy L. Alper
        NANCY ALPER, D.C. Bar No. 411324
        Assistant Attorney General
        Land Acquisition and Bankruptcy Section
        441 4th Street, N.W., Suite 1010S
        Washington, DC  20001
        (202) 724-8122

CERTIFICATE OF SERVICE

       I hereby certify that I am not less than 18 years of age and that a copy of the foregoing Motion of the District of Columbia to Change the Venue of Bankruptcy Proceeding and Transfer this Case to the United States Bankruptcy Court for the District of Columbia was served through the Court's electronic filing system, and mailed, prepaid first class postage, this 2nd day of May, 2014, to:

Capitol Hill Group
Theodore Shin, CFO
2052 W. Virginia Avenue, N.E.
Washington, DC 20002

CMH Inc.
Rob Greenblatt, CMA
8421 Hilltop Road
Fairfax, VA 22031

JRW Services, LLC
James F. Washington, Jr.
Managing Member
7368 Battalion Drive
Mechanicsville, VA 23116

J-Don Enterprise, LLC
Donald Kelly
Managing Member
P.O. Box 262127
Plano, TX 75026

Amalgamated Capital Partners, LLP
George H. Lowe, Jr.
9913 Indian Queen Point Road
Fort Washington, MD 20744

Stephen W. Spence
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806

Specialty Hospital of Washington, LLC
700 Constitution Avenue, N.E.
Washington, DC 20002, and

The Corporate Trust Company, Registered Agent for SHW
1209 Orange Street
Wilmington, DE  19801
United States Trustee
844 King Street, Room 2207
Lockbox # 35
Wilmington, DE  19899-0035

William F. Taylor, Jr.
Kate R. Buck
Renaissance Centre
405 N. King Street, 8th floor
Wilmington, DE  19801

Renee E. Suglia, Esquire
Pepco Holdings, Inc.
500 N. Wakefield Drive, 92DC42
Newark, DE  19702

/s/ Nancy L. Alper
NANCY L. ALPER
Assistant Attorney General